49 N.J. Super. 562 (1958)
140 A.2d 534
PAULE RENEE ODETTE LEVICKY, PLAINTIFF,
v.
PETER PAUL LEVICKY, DEFENDANT.
Superior Court of New Jersey, Chancery Division.
Decided April 12, 1958.
*564 Messrs. Feder & Rinzler (Mr. Jack Rinzler, appearing), attorneys for plaintiff.
Mr. Joseph J. Maraziti (Mr. Aaron Dines, appearing), attorney for defendant.
HEGARTY, J.S.C.
The parties involved in this proceeding, Paule Renee Odette Levicky, now Paule Peltier Joubert, and Peter Paul Levicky, are the divorced parents of Allen Levicky, age 9 1/2 years, now in the custody of defendant. Paule Renee Odette Levicky had judgment for absolute divorce against Peter Paul Levicky, in the month of December, 1955, in the Civil Tribunal of Nantes, Republic of France. The suit was uncontested and by the terms of the judgment rendered therein she was awarded custody of the said infant child born of the marriage. Thereafter defendant appealed from the said judgment which was affirmed by the Court of Appeals, Rennes, France.
The defendant has not remarried. On February 12, 1958 plaintiff married Claude Joubert, a landscape artist, who had previously been employed by her.
Plaintiff testified that defendant represented to her, while they were living together in France, that he desired to take the child of the marriage to the United States for a visit with defendant's mother. His stated plan was to return within three months. He purchased return trip tickets on May 10, 1953. She was led to believe that it was defendant's intention to return to France with the child upon the conclusion of his visit. This he has never done. Plaintiff visited the United States in July 1956 in an effort to see her son and with the hope that defendant would permit *565 her to take the child back to France. Nothing came of her efforts except frustration and difficulty in seeing her child. The present action stems from the disputed claims of the parents over the question as to whom should be awarded the child's permanent care, custody and education. At the time of the rendition of the judgment for divorce in the month of December, 1955 the child was not in the custody of the plaintiff nor in the jurisdiction of the Civil Tribunal of Nantes, Republic of France, but was actually in the custody of the defendant and residing in this State where defendant had an established legal domicile.
The defendant contends that even though the validity of the order of the Civil Tribunal of Nantes, Republic of France, granting custody to the plaintiff were to be declared valid, it can only derive such force and effect from facts and conditions before that court when such order was made, and the courts of this State are not bound by any facts and conditions affecting the custody of the child arising subsequent to the making of such order in said French court.
The boy has been exposed to the knowledge of the contentions of his parents over his custody, and although he may not have been injured emotionally, such a situation is difficult to harmonize with an undisturbed development and growing up. Despite the fact that Allen Levicky has been in the midst of this contest and has inclined in his feelings towards his father, I do not find any evidence that such inclination is deeply seated and fixed. Almost five years continuously  the formative years  in the custody of his father, without contact with or visitation accorded to the mother, provides some explanation for the child's stated reason in wanting to stay with his father. Visitation has not been possible for the mother, who lives over 3,000 miles distant from her child and, besides, she finds the expense of travel and living accommodations on such trips a great financial burden. The child is caught in the current of efforts made by the mother to obtain permanent custody and by the father to retain it.
*566 Plaintiff urges the application of the theory of comity in recognizing, giving effect to and granting her the right of custody under the judgment obtained by her in the French court. In Fantony v. Fantony, 21 N.J. 525, 533 (1956), we find the pertinent rules for the application of the principles of comity:
"Comity, in a legal sense, is neither a matter of absolute obligation on the one hand nor of mere courtesy and good will upon the other. But it is recognition which one nation allows within its territory to the legislative, executive or judicial acts of another nation, having due regard both to international duty and convenience and to the rights of its own citizens or of other persons who are under the protection of its laws. Hilton v. Guyot, 159 U.S. 113, 16 S.Ct. 139, 143, 40 L.Ed. 95 (1895); The Disconto Gesellschaft v. Umbreit, 208 U.S. 570, 28 S.Ct. 337, 340, 52 L.Ed. 625 (1908). Also see 11 Am. Jr., sec. 5, p. 299.
The recognition of a judgment of a foreign court under the principle of comity is subject generally to two conditions: (1) that the foreign court had jurisdiction of the subject matter; (2) that the foreign judgment will not offend the public policy of our State. Zanzonico v. Neeld, 17 N.J. 490, 495 (1955); cf. Guarantee Bank & Trust Co. v. Gillies, 8 N.J. 88, 101 (1951); Hachez v. Hachez, supra, 124 N.J. Eq., at page 447. The rule of comity is grounded in the policy of avoiding conflicts in jurisdiction, unless upon strong grounds, and the general principle that the court which first acquires jurisdiction of an issue has precedence, in the absence of special equities. A litigant cannot be compelled to act elsewhere, but may remain in the court which first acquires jurisdiction and abide by the terms of its decree. O'Loughlin v. O'Loughlin, 6 N.J. 170, 179 (1951); Stultz v. Stultz, 15 N.J. 315, 319 (1954). The expressions in these cases on the principles of comity are in accord with the decisions of the United States Supreme Court."
On an application for temporary custody it must be made clear that a remand of the child to the Republic of France should only be ordered after it has been determined such action will be in the best interest and welfare of said child. Our cases make clear that the welfare of the ward is the paramount consideration. It rises above the controversy of the parents over his custody and the final determination of the question must be measured by what will subserve the best interest and welfare of the child. The order of the French court is at best prima facie evidence of the mother's right to its custody.
*567 The proofs show that the child is enrolled in St. Cyril & Methodius Parochial School, Clifton, New Jersey, where he has been a pupil since September 19, 1953. He has adjusted himself to his surroundings, his playmates and school and no longer speaks French. The health of the child is excellent and he enjoys the use of a comfortable home with his father and grandmother. During the time he has been in this country, he has never once written to his mother although she has written to him many times.
The child's mother is a licensed practicing physician in the Republic of France and owns an eight-room house with spacious grounds about it. It is plainly evident from the proofs that no essential distinction can be drawn between the homes of either plaintiff or defendant and either one is capable, at least in a pecuniary sense, to provide a proper and suitable home for the infant with healthful surroundings and, presumably, with intelligent upbringing. Defendant makes no claim that plaintiff is not a proper and fit person to have the custody and education of said child. The child is a ward of this State under the general equity jurisdiction parens patriae which is firmly established in our jurisprudence and is derived from common law, our case law and the statutes. Fantony v. Fantony, supra. Having in mind these principles, the parents, believing it to be for the best interest and welfare of the child, have requested this court to find and determine, until further order of this court, that the care, custody and education of said infant child shall be upon the following terms and conditions to which plaintiff and defendant are in agreement and append their consent:
1. That the relinquishment of temporary custody of said child by defendant to plaintiff for transferral to France for the period hereinafter specified shall not be deemed or considered to be an act of submission by defendant or the said infant child, Allen Levicky, to the jurisdiction of the courts of France.
2. That the child is a ward of this State and the Superior Court of New Jersey, Chancery Division, retains sole and *568 exclusive jurisdiction concerning all matters of custody or rights of visitation with said child, as stated in the following paragraphs.
3. That the defendant father will arrange for delivery of said child to plaintiff at Varades, France, for temporary custody within seven days after the close of the school year at St. Cyril & Methodius Parochial School, Clifton, New Jersey, in the month of June 1958. The plan and design is to permit plaintiff to have the child's custody during the period prior to and during the ensuing school year, in a school of plaintiff's choosing in the Town of Varades, in the Republic of France, commencing in September, 1958 and continuing until its close in June, 1959.
4. That the plaintiff mother will arrange for delivery of said child to defendant at New York City, New York, within seven days after the completion of the school year, September 1958 to June 1959, unless the father shall notify the child's mother it is his intention to personally attend at Varades, France, to there take the child into his custody and control and return with it to Clifton, New Jersey. Should the parents, after conference, at the conclusion of said school year, mutually agree to some other plan advantageous to and in the best interest and welfare of said child, such agreement shall be reduced to writing and be signed and acknowledged by each of the parties, and thereafter be included in an order of this court in that connection and for the purposes therein expressed. In the event that changing conditions and circumstances should require it, plaintiff has represented to this court that she will, at all times, be moved to do what is in the best interest of the child and shall not only advise the defendant concerning it, but also make known to the court any changing condition or circumstance to the end that appropriate action may be had thereon either through mutual agreement of the parties or action by this court on appropriate application made therefor.
5. In June or July 1959, respective counsel shall present the question of future custody for determination with regard *569 to where the child shall live and with what parent, the child's schooling and a consideration of the wishes of the child in the circumstances.
6. The father shall make the necessary arrangements for the child's travel and transportation, obtain the necessary passport and travel documents and pay the costs therefor in order to effectuate the same.
The foregoing provisions shall become effective and judgment entered thereon only upon the filing with this court and the service upon the attorney for defendant of an exemplified copy of a decree or judgment of the Civil Tribunal of Nantes, Republic of France, together with exemplified copies of all supporting pleadings and other papers there filed, modifying the decree or judgment of said Tribunal dated in the month of December, 1955, so as to include within its terms the same provisions hereinabove set forth governing custody of Allen Levicky during the stated period, and thus recognition will be extended to the modified decree or judgment of said French court; and it is to be assumed and expected that it will accord recognition to the judgment of this court containing provisions of like effect as to said custody and visitation. The French court and this court are faced with one of the usual incidents of a divorce of parties to an international marriage  the problem concerning the care and custody of a child of such union.
Until plaintiff secures a modification of the existing decree or judgment of said French court as to custody, evidenced by exemplified copies thereof, the infant child, Allen Levicky, shall remain in the custody of the defendant subject to rights of visitation to be accorded to plaintiff. Upon the filing in this court of said exemplified copies of modified decree or judgment with supporting pleadings and other papers, a form of judgment with provisions as hereinabove determined as to custody and visitation shall be presented for signing and filing in this cause.