**520**

Thomas A. O'LOUGHLIN and Anne T. O'Loughlin, Plaintiffs,

v.

UNITED STATES of America, Defendant.

Civ. A. No. 782-59.

United States District Court
D. New Jersey.

March 23, 1961.

Harry and George G. Cohn, Newark, N. J., for plaintiffs.

James P. Garland, Jerome Fink, Daniel M. Dwyer, Attys., Dept. of Justice, Washington, D. C., Chester A. Weidenburner, U. S. Atty., Newark, N. J., for defendants.

WILLIAM F. SMITH, Chief Judge.

■ This is an action to recover internal revenue taxes, to wit, part of the income taxes for the calendar years 1950 to 1953, inclusive, alleged to have been erroneously assessed and collected. The jurisdiction of the Court is invoked under Section 1346(a) (1) of Title 28 U.S.C.A., as amended. The action is before the Court on a motion for summary judgment filed by the defendant pursuant to Rule 56(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A. The motion is resisted by the plaintiffs.

■ It is the opinion of the Court that there is no genuine issue as to any material fact. The material facts are sufficiently stated in the affidavit filed by the plaintiff Thomas A. O'Loughlin and in his answers to interrogatories. The factual statements are not disputed by the defendant and we regard them as admitted for the purposes of this motion. The only issue presented for decision is one of law and this issue should be decided on the present record.

Facts

The plaintiff Thomas A. O'Loughlin and one Loretta Elizabeth O'Loughlin had been husband and wife until April 26, 1935, when their marriage was dissolved by a final decree of divorce entered in the Second Judicial District Court of the State of Nevada. The decree directed the payment of alimony in the amount of $225 per month in accordance with a "property settlement" entered into between the parties on April 22, 1935, four days prior to the entry of the final decree. The litigation to which reference is hereinafter made followed many years later.

The said Loretta Elizabeth O'Loughlin commenced an action in the Superior

Court of New Jersey, Chancery Division, and therein sought to enforce: (1) A claim for damages based upon a money judgment entered earlier in the Second Judicial District Court of the State of Nevada, (2) a right to support and maintenance in accordance with the earlier "property settlement", and (3) the payment of arrearages allegedly due under the final decree of divorce, together with incidental relief such as counsel fees, etc. (The original complaint was filed on December 23, 1949, and was amended on April 17, 1950). It should be emphasized that in the said action the former wife asserted only claims for pecuniary losses; she asserted no right or interest in property held for the production of income. The action was successfully defended by the said plaintiff and was finally concluded in 1953. O'Loughlin v. O'Loughlin, 6 N.J. 170, 176, 78 A.2d 64; O'Loughlin v. O'Loughlin, 12 N.J. 222, 96 A.2d 410.

The plaintiffs filed an income tax return for each of the years in question, to wit, 1950 to 1953, inclusive, and therein claimed as an allowable deduction the amounts expended for legal fees and court costs in defense of the aforesaid litigation in each of the said years. These deductions, in addition to others, were disallowed by the District Director of Internal Revenue and thereafter deficiency assessments were made. The deficiency assessments were paid and claims for refund were filed within time. The claims for refund were disallowed and notice thereof was given the taxpayers. The present action followed.

### Discussion

The plaintiffs asserted in each of the claims for refund, as they assert here, that the amounts expended for legal fees and court costs in each of the years in question were properly deductible as expenses incurred in the conservation of property held for the production of income. They rely upon the pertinent provisions of Section 23 of the Internal Revenue Code of 1939, as amended, 26 U.S.C.A. § 23, which read as follows:

"DEDUCTIONS from gross income. In computing net income there shall be allowed as deductions:

"(a) Expenses. * * *

"(2) Non-trade or non-business expenses. In the case of an individual, all the ordinary and necessary expenses paid or incurred during the taxable year * * * for the management, conservation, or maintenance of property held for the production of income."

It was admitted in the claim for refund, as it is here, that the legal fees and court costs were incurred in defense of an action for "back alimony and additional alimony."

It is argued, however, that the defense of the action was necessary to protect property held for the production of income from the ultimate "threat of execution." It is further argued that therefore the legal expenses were incurred for the "conservation" of said property within the meaning of the statute. The argument is ingenious, but in our opinion it lacks merit.

It has been uniformly held that legal fees paid by a husband in defense of a claim for alimony or other monetary demand incident to a divorce are not deductible as "necessary expenses paid or incurred * * * for the * * * conservation, * * * of property" within the meaning of the statute. Howward v. Commissioner of Internal Revenue, 9 Cir., 202 F.2d 28; Smith's Estate v. Commissioner of Internal Revenue, 3 Cir., 208 F.2d 349, 354; Tressler v. Commissioner of Internal Revenue, 9 Cir., 228 F.2d 356, 361; Richardson v. Commissioner of Internal Revenue, 4 Cir., 234 F.2d 248. It is our opinion that the rule established by these cases is applicable here.

An exception to the rule has been recognized in those cases in which the wife asserted a claim to or an equitable right in property held for the production of income. Bowers v. Commissioner of Internal Revenue, 6 Cir., 243 F.2d 904;

Owens v. Commissioner of Internal Revenue, 5 Cir., 273 F.2d 251. These cases are distinguishable on their facts; the wife in each of the cited cases asserted an equitable right or interest in specific property under the community property laws of the State. It should be noted that in each of these cases only a part of the counsel fees was recognized as properly deductible as an expense incurred in the conservation of property within the meaning of the statute. The distinction made in the case of Baer v. Commissioner of Internal Revenue, 8 Cir., 196 F.2d 646, seems to rest on rather tenuous grounds. The exception to the rule is not applicable in the instant case.

### Conclusion

The motion for summary judgment is granted. The attorney for the defendant shall prepare and submit to the Court, upon notice to the attorney for the plaintiffs, an order for judgment.