**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4956-16T2

ALLSTATE,

    Plaintiff-Appellant,

v.

GLOBAL LIBERTY INSURANCE
COMPANY OF NEW YORK,

    Defendant-Respondent.

_____

        Argued June 4, 2018 — Decided July 11, 2018

        Before Judges Sabatino, Ostrer and Firko.

        On appeal from Superior Court of New Jersey,
        Law Division, Morris County, Docket No. L-
        2257-16.

        William Hahn argued the cause for appellant
        (McDermott & McGee, LLP, attorneys; William
        Hahn, on the briefs).

        Jason Tenenbaum argued the cause for
        respondent.

PER CURIAM

    Plaintiff Allstate appeals from the trial court's June 2,

2017 order denying its order to show cause seeking to confirm an

arbitrator's Personal Injury Protection ("PIP") subrogation award

in its favor, and granting the motion of defendant Global Liberty Insurance Company of New York ("Global") to dismiss the complaint. Allstate also appeals from the denial of its motion for reconsideration. Allstate argues that the court should have granted its application for two principal reasons. First, Allstate claims that since the arbitration award was not vacated by Global within 120 days by summary action filed in the Superior Court of New Jersey, the award must be confirmed and entered as a judgment. Second, Allstate claims that the New York action instituted by Global was procedurally and substantively defective and should have no binding effect.

Having reviewed Allstate's arguments in light of the record and applicable legal principles, we reverse and remand.

I.

The dispute between the parties arose out of an automobile accident that occurred on I-78 westbound in Newark on November 28, 2012, according to the New Jersey Crash Investigation Report.[1] As a result of this rear-end collision case, Allstate was required to pay PIP benefits in the amount of $208,622.70 to its insured, Marsha Abramson.

---

[1] The complaint alleges that the accident occurred in Somerville. The New Jersey Crash Investigation Report indicated that the State Police from the Somerville station investigated the accident.

On December 3, 2014, Allstate filed a complaint in the Superior Court of New Jersey, Morris County, against Global and the tortfeasor, Nendi Chen, asserting PIP subrogation rights pursuant to N.J.S.A. 39:6A-9.1, which governs an insurer's right to recover PIP benefits paid involving vehicular accidents in New Jersey.[2] Allstate argued that Chen was operating a "taxicab" or "limousine" service and therefore, was required to maintain $1.5 million dollars in coverage pursuant to N.J.S.A. 48:16-14.

A judge[3] ordered the parties to binding arbitration pursuant to an inter-company agreement, with Arbitration Forums, Inc., in accordance with N.J.S.A. 39:6A-9.1(b). The judge also dismissed Allstate's complaint, without prejudice. Global was duly served with process, and participated in oral argument on October 23, 2015, when the order was entered. The judge noted on the order in handwriting, "All subject to N.J.S.A. 39:6A-9.1(b)." Global did not appeal from this order. Therefore, it is final.

---

[2] Abramson settled her personal injury case against Chen for her $100,000.00 liability limit with Global. This matter was filed in the Superior Court in Essex County under Docket Number ESX-L-474-14.

[3] Judge Robert J. Brennan entered the October 23, 2015 order dismissing Allstate's complaint and compelling the parties to arbitrate before Arbitration Forums, Inc. A different judge ruled on the present motion.

A-4956-16T2

Following resolution of the underlying personal injury matter against Chen, Allstate and Global proceeded to binding arbitration in Parsippany, pursuant to the rules of Arbitration Forums, Inc.

On June 10, 2016, the arbitrator issued a written opinion and concluded that, "Based on all the evidence submitted, it is more likely than not that the [tortfeasor's] vehicle is a limousine and not a taxi." This distinction is a significant one because at the time, the required liability coverage for bodily injury or death under New Jersey law was $1.5 million dollars for a limousine, as per N.J.S.A. 48:16-14, whereas a taxi[4] only required $35,000 as per N.J.S.A. 48:16-3. Global argued that under New York Taxi and Limousine Regulations, there is no such distinction. Relying upon the evidence submitted, the arbitrator determined that, "Photographs of the vehicle show that it is a Toyota Highlander which is gray in color. There are no visible markings on the vehicle identifying the vehicle as a taxi."

With respect to coverage, the arbitrator found, "The policy issued to [Chen] is in the name of an individual and not a business although it is a business policy . . . [Chen] has not provided any type of licensing information such as a taxi license or number."

---

[4] A taxi is referred to as an "autocab" in N.J.S.A. 48:16-1.

In his conclusion, the arbitrator found that "[s]ince the vehicle appears to be more akin to a limousine than a taxi, it should have had coverage for a limousine, which is $1.5 million. [Chen's] policy is [consequently] reformed to include such coverage in accordance with New York and New Jersey law, specifically [11] N.Y.C.R.R. 60-1.1(e) and [N.J.S.A.] 48:16-14."

Allstate was found to have proven its damages in the amount of $208,622.70 in PIP payments. The arbitrator noted that Global did not dispute the amount of damages but only the allegation that its insured was operating a "limousine" service.

Global did not pay the award or move to vacate the award within 120 days as required by N.J.S.A. 2A:23B-23, which provides as follows:

> A summary action pursuant to this section shall be filed within 120 days after the aggrieved party receives notice of the award pursuant to section 19 of this act or within 120 days after the aggrieved party receives notice of a modified or corrected award pursuant to section 20 of this act, unless the aggrieved party alleges that the award was procured by corruption, fraud, or other undue means, in which case the summary action shall be commenced within 120 days after the ground is known or by the exercise of reasonable care would have been known by the aggrieved party.
>
> [(Emphasis added).]

A-4956-16T2

Instead, Global filed a notice of petition to vacate the award in the Supreme Court of New York. No plausible explanation was provided by Global as to why it did not move to vacate the award in the Superior Court of New Jersey and instead brought proceedings in New York.

As Global admits, counsel for Allstate was not served with the petition and instead, Global's counsel "mailed" the petition to "Allstate offices" located in New York, through the New York State Department of Financial Services. Global defended its manner of service by asserting that "[t]he underlying New York action was a 'new' proceeding seeking to vacate an arbitral matter and, therefore, service only needed to be effectuated on the entity sued." In an effort to rationalize his actions, counsel for Global asserted that he did not serve Allstate's New Jersey counsel because insurance companies in "his experience" sometimes "switch" attorneys in various proceedings.

Allstate argues that, either pursuant to Rule 1:6-3(c) of our Rules of Court or N.Y. C.P.L.R. §§ 7501 and 7506(d), service was mandated to be made upon counsel of record and not solely the corporate entity. No courtesy copy of the petition was sent to counsel for Allstate, either.

On August 30, 2016, the New York court conducted a "Special Proceeding", and entered a final decision and order vacating the

New Jersey PIP arbitration award, by default. The New York court was persuaded by Global that Chen was not operating a limousine under New York State regulations, thereby dispensing with her need to have such [greater level of] insurance. Allstate did not appear in the New York case or oppose the petition because it claims that service was improvidently made upon an Allstate "entity" recognized under New York law, despite the fact that the real party in interest was, "Allstate New Jersey Insurance Company," which is a different entity. Thus, Allstate argues that it was denied procedural and substantive due process of law.

Allstate thereafter filed another complaint, by way of an order to show cause, in the Superior Court in Morris County seeking: to enforce the arbitration award and enter judgment thereon; to declare the order entered in New York be null and void; to be awarded counsel fees pursuant to N.J.S.A. 2A:23B-25; and post-judgment interest. After a courtesy copy was served upon counsel for Global, counsel for Allstate claims that he was then informed, for the first time, that Global had previously moved to vacate the arbitration award in New York. Global's failure to

vacate the award within 120 days of entry was "fatal", according to Allstate.[5]

The second motion judge scheduled oral argument on November 28, 2016. Meanwhile, Global filed a notice of removal to federal court on November 17, 2016. On December 16, 2016, Chief Judge Jose Linares of the United States District Court of New Jersey remanded the matter back to the Superior Court in Morris County, on the basis of lack of diversity of citizenship and subject matter jurisdiction under 28 U.S.C. § 1332, because Allstate and Global are both citizens of Illinois, and other states. Judge Linares specifically identified Allstate as, "Allstate New Jersey," in his order. Global never appealed Judge Linares' remand decision.

On February 23, 2017, the second motion judge entered an order scheduling oral argument on May 5, 2017. On March 10, 2017, Global filed a motion to dismiss Allstate's complaint. Oral argument was held on May 5, 2017, and the judge entered an order on June 2, 2017 denying Allstate's order to show cause and request to enter the arbitration award as a judgment.

In her statement of reasons, the judge expressed "serious concerns" about the "questionable procedures" undertaken by Global

---

[5] It is noteworthy that the same attorneys have been involved in this matter at all levels since its inception.

to vacate the award in New York. The judge noted that the parties went to "binding" arbitration to adjudicate the PIP subrogation claim. In failing to serve counsel for Allstate with the New York petition, the judge disapproved of the "sharp practice" exercised by counsel for Global, and she noted, more than once, her "serious concerns about the procedures used by [Global] to vacate the arbitration award entered in New Jersey in a different state." She further questioned the propriety of Global's legal machinations, and pointed out that she was "troubled" by the process "from an ethical and professional standpoint." The judge also found that Allstate's first complaint had been withdrawn, without prejudice, by consent, thereby vitiating any jurisdictional objection by Global.

Notwithstanding her criticisms of Global's actions, the judge determined that the order entered in New York must be given "full faith and credit." The judge also determined that "res judicata principles controlled", and, "prohibit this court from confirming the arbitration award entered in New Jersey at this time, since a judgment was entered in this matter in the State of New York."

The judge therefore dismissed Allstate's complaint without prejudice, and anticipated, by way of dicta, that Allstate would move to vacate default and set aside the decision rendered in New York, and revisit the merits of its application in Morris County

A-4956-16T2

Superior Court. Allstate asserts it has no intention of doing so because jurisdiction lies in the Superior Court in New Jersey, and there is no "dual" jurisdiction in New York. Thereafter, Allstate filed a motion for reconsideration, which was denied. Its appeal was filed in the interim.

II.

We begin by restating fundamental principles governing PIP arbitration. Our Court has recognized that consensual arbitration is a favored means of resolving disputes. Martindale v. Sandvik, Inc., 173 N.J. 76, 84 (2002). "Our courts have long noted our public policy that encourages the 'use of arbitration proceedings as an alternative forum.'" Wein v. Morris, 194 N.J. 364, 375-76 (2008) (citation omitted). Arbitration is chosen to avoid litigation and judiciary involvement, and the role that the judiciary should aim at is to have no role at all. Perini Corp. v. Greate Bay Hotel & Casino, Inc., 129 N.J. 479, 519 (1992).

Embracing this policy, the No-Fault Act's reimbursement provision, Section 9.1, creates a statutory right of reimbursement for PIP insurers against certain tortfeasors by allowing an insurer who pays PIP benefits to:

> recover the amount of payments from any tortfeasor who was not, at the time of the accident, required to maintain personal injury protection or medical expense benefits coverage, other than for pedestrians, under

> the laws of this State . . . <u>In the case of an accident occurring in this State</u> involving an insured tortfeasor, the determination as to whether an insurer . . . is legally entitled to recover the amount of payments and the amount of recovery, including the costs of processing benefit claims and enforcing rights granted under this section, shall be made against the insurer of the tortfeasor, <u>and shall be by agreement of the involved parties or, upon failing to agree, by arbitration</u>.
>
> [N.J.S.A. 39:6A-9.1 (emphasis added).]

There are no grounds to debate that the location of the accident is the controlling factor for determining the venue of the arbitration:

> <u>In the case of an accident occurring in this State involving an insured tortfeasor</u>, the determination as to whether an insurer, health maintenance organization or governmental agency is legally entitled to recover the amount of payments and the amount of recovery, including the costs of processing benefit claims and enforcing rights granted under this section, shall be made against the insurer of the tortfeasor, and shall be by agreement of the involved parties or, upon failing to agree, by arbitration.
>
> [<u>Ibid.</u> (emphasis added).]

Hence, New Jersey is and continues to be, the forum state, and had original jurisdiction in this matter.

Thus, the No-Fault Act confirmed jurisdiction of the PIP arbitration in New Jersey, since the accident occurred here, and

it was so ordered by a judge of this State, and remanded back to our State court by a federal judge.

                                III.

We consider first Allstate's argument that the judge should have confirmed the award and entered it as a judgment, as Global did not move to vacate it summarily within 120 days. Allstate's motion for confirmation was filed "as of right" pursuant to N.J.S.A. 2A:23B-23(a)(3), which authorizes same from "an order confirming or denying confirmation of an award." Allstate stresses that the award "remains valid," and that Global's failure to vacate the award within 120 days of entry is "fatal."

Allstate argues that the judge erred in relying upon the "full faith and credit clause", U.S. Const. art. IV, § 1, and determining that the New York order is entitled to res judicata principles. We agree.

"The full faith and credit clause requires that a judgment entered in one state be respected and enforced by the courts of another state provided that the first state had jurisdiction over the subject matter and the parties." Arnold, White & Durkee, Prof'l Corp. v. Gotcha Covered, Inc., 314 N.J. Super. 190, 194 (App. Div. 1998) (citing Nevada v. Hall, 440 U.S. 410, 421 (1979)).

New Jersey is the "first" state under this analysis, and not New York, because the proceedings were properly commenced here.

The goal of the clause is to integrate the states into a unified nation in which a litigant could enforce a valid claim, regardless of that claim's goal. Id. at 195. Global's surreptitious tactic of filing the petition in New York is in derogation of this constitutional mandate.

Allstate's argument that it was denied due process is supported by our jurisprudence, in tandem with the No-Fault Act. "A judgment entered in violation of due process of law is not entitled to full faith and credit." Hupp v. Accessory Distribs. Inc., 193 N.J. Super. 701, 708 (App. Div. 1984). In essence, Global "collaterally attacked" the arbitration decision in the "second state" (New York). Id. at 709. We cannot condone Global's actions.

New Jersey has long adhered to "the general rule that the court which first acquires jurisdiction has precedence in the absence of special equities." Yancoskie v. Del. River Port Auth., 78 N.J. 321, 324 (1978); see also O'Loughlin v. O'Loughlin, 6 N.J. 170, 179 (1951). Special equities include "great hardship and inconvenience" to one party. Sensient Colors, Inc. v. Allstate Ins. Co., 193 N.J. 373, 387 (2008). The first-filed rule, which has deep roots in our federal system, has been recognized by many courts. See e.g., Riggs v. Johnson Cty., 73 U.S. 166, 196 (1868) ("[T]he court that first obtains possession of the controversy,

or of the property in dispute, must be allowed to dispose of it without interference or interruption from the coordinate court"); see also First Midwest Corp. v. Corp. Fin. Assocs., 663 N.W.2d 888, 890-91 (Iowa 2003); Medtronic, Inc. v. Advanced Bionics Corp., 630 N.W.2d 438, 448-49 (Minn. Ct. App. 2001). Our Court has recognized the "first-filed rule" to be . . . "the guiding principle by which each state's courts decide the appropriate choice of forum when substantially similar actions are filed in more than one jurisdiction." Sensient Colors, Inc., 193 N.J. at 397.

Under the first-filed rule, a state court ordinarily will stay or dismiss a civil action in deference to an already pending, substantially-similar lawsuit in another state, unless compelling reasons dictate that the second state retain jurisdiction. O'Loughlin, 6 N.J. at 179.

We are unpersuaded by Global's argument that it had grounds to petition the New York Court for relief based upon the affidavit of its representative, Mr. Gutierrez, stating that "the $100,000 [i]nsurance policy was paid to Ms. Abramson and no further proceeds remained on the insurance policy." That fact concerning the complaint against the tortfeasor in Essex County does not alter the fact that Allstate's PIP subrogation action in Morris County was filed before the New York complaint.

Even more problematic is the fact that Global never challenged jurisdiction, other than its removal application, in New Jersey. Jurisdiction "may not be raised in a second state in an action to enforce the judgment rendered in the first state." Ibid. (citing Underwriters Nat'l Assurance Co. v. N.C. Life & Accident & Health Ins. Guar. Ass'n, 455 U.S. 691, 706 (1982)). We see no basis to have another state review a statutory and court-sanctioned arbitration which took place here in New Jersey.

Global has failed to meet its burden of establishing "special equities," such as forum non conveniens. The accident occurred on Route 78 in New Jersey, and the No-Fault statute mandated PIP arbitration in this State, without prejudice. Moreover, an "injustice would be perpetrated" upon Allstate, and "no hardship, prejudice, or inconvenience" would inure to Global. Ibid.

The motion judge misapplied res judicata principles. Res judicata applies when:

> (1) the judgment in the prior action must be valid, final, and on the merits; (2) the parties in the later action must be identical to or in privity with those in the prior action; and (3) the claim in the later action must grow out of the same transaction or occurrence as the claim in the earlier one.
>
> [McNeil v. Legislative Apportionment Comm'n, 177 N.J. 364, 395 (2003) (quoting Watkins v.

> Resorts Int'l Hotel & Casino, Inc., 124 N.J.
> 398, 412 (1991) (citations omitted)).]

Evaluated under full faith and credit and due process standards, we conclude that the New York proceeding was invalid, and Allstate's motion to enforce the arbitration award is not barred by res judicata.

Further, the entire controversy doctrine applies to multi-forum litigation. Global's New York action asserted an identical set of facts as the New Jersey matter. Therefore, the entire controversy applies to preclude its subsequently-filed claims in New York. Allstate New Jersey Ins. Co. v. Cherry Hill Pain & Rehab. Inst., 389 N.J. Super. 130, 140 (App. Div. 2006) (citations omitted).

In applying this analytical framework, we conclude that both cases involve the same parties, the same claims, and the same legal issues. Therefore, Allstate was denied due process, and jurisdiction must be retained in New Jersey.

## IV.

Turning now to Allstate's second argument relating to procedural and substantive defects, Rule 1:5-1 provides that: "In all civil actions, unless otherwise provided by rule or court order, orders, judgments, pleadings subsequent to the original complaint, written motions . . . shall be served upon all attorneys

of record in the action." The purpose of this rule is to prevent "prejudice in taking further steps in the litigation." See Pressler & Verniero, Current N.J. Court Rules, cmt. 1 on R. 1:5-1 (2018) (emphasis added). By serving an Allstate entity in New York by mail, Global was derelict, and its actions do not withstand judicial scrutiny.

N.J.S.A. 2A:23B-7 dictates in subsection (f) that:

> If a party commences a summary action to order arbitration, the court on just terms shall stay any judicial proceeding that involves a claim alleged to be subject to the arbitration until the court renders a final decision pursuant to this section.

An order that compels (or denies) arbitration is deemed "final" for purposes of appeal, but the trial court retains jurisdiction to address other issues. GMAC v. Pittella, 205 N.J. 572, 586 (2011). Thus, Global's argument is conspicuously flawed since New Jersey continues to have exclusive jurisdiction over this controversy, since a final order has yet to be entered.

V.

In sum, we conclude that the judge incorrectly applied the doctrines of res judicata and full faith and credit, notwithstanding her astute comments as to procedural irregularities. We thus reverse and vacate the June 2, 2017 order and reinstate Allstate's complaint. We specifically remand for a

determination as to whether the arbitration award should be confirmed and judgment entered thereon, modified, or vacated in accordance with N.J.S.A. 2A:23B-23.[6]

Allstate's argument that its motion for reconsideration was not adjudicated is moot and lacks sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Reversed and remanded. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

---

[6] During the appellate oral argument, counsel for Global did not object to such a remand, in the event we were to conclude that the New York court lacked jurisdiction.

A-4956-16T2