159 N.J. Super. 243 (1978)
387 A.2d 1211
MARTHA PERKINS, PLAINTIFF-RESPONDENT AND CROSS-APPELLANT,
v.
CHARLES EDWARD PERKINS, DEFENDANT-APPELLANT AND CROSS-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Submitted April 10, 1978.
Decided April 27, 1978.
*244 Before Judges FRITZ, BOTTER and ARD.
Mr. Nathan W. Davis, Jr., attorney for appellant and cross-respondent.
*245 Mr. Sherman L. Kendis, attorney for respondent and cross-appellant.
PER CURIAM.
This appeal and cross-appeal concern only the provisions for equitable distribution of marital property contained in the judgment of divorce.
Defendant contends that the trial judge erred by granting plaintiff an excessive portion of the marital assets and by requiring defendant to pay a counsel fee of $500 to plaintiff's attorney. The assets that were divided were bank accounts, certificates of deposit and the marital home.[1] Plaintiff was awarded $10,000, representing approximately one-third of the savings taken at face value[2] and $12,500, representing her one-half interest in the equity of the home. Plaintiff cross-appealed, contending that she should have received one-half of the cash savings in addition to one-half of the equity in the home.
Initially the trial judge intended to award plaintiff one-third of the equity in the house and one-half of the savings. That proposed distribution was based in part on the fact that defendant owned the home before marrying plaintiff and in part on the fact that plaintiff was gainfully employed throughout the marriage, although she also continued her education during a portion of their married years. Such a distribution would have given plaintiff approximately *246 $23,000 based entirely on the equities as the trial judge saw them.
However, at a continued hearing the judge announced that he had reconsidered the wife's claim to a one-half interest in the house. Defendant had conveyed the property to himself and his wife during their marriage. Defendant testified that he did this because he thought that his wife should "have some equity in the property," that she should get "at the time half of the equity." Accordingly, the trial judge determined that defendant had made a gift to his wife of an equal share in the property. Therefore, the judge concluded that plaintiff should be awarded an amount equal to one-half of the equity in the property. However, in conformity with his original determination of what would be an equitable distribution of all property, he reduced her share of the savings to a sum equal to approximately one-third of their unencumbered or face value.
The evidence in the case supports the trial judge's conclusion that defendant's conveyance of the property to himself and his wife constituted a gift and created a tenancy by the entirety. N.J.S.A. 37:2-18; Herr v. Herr, 13 N.J. 79, 88-89 (1953); Trotta v. Trotta, 103 N.J. Super. 295, 298-300 (App. Div. 1968), certif. den. 53 N.J. 516 (1969). However, assets acquired by gift during marriage are subject to distribution equitably. Painter v. Painter, 65 N.J. 196, 215-216 (1974). As such, the entire equity in the home was available for equitable distribution, notwithstanding that plaintiff had been given an estate by the entirety in the property. In other words, the trial judge had the right not to award plaintiff a one-half interest in the equity in the house if the factors to be considered in making an equitable distribution justified an unequal division of that property. As was said in Painter, supra at 213: "The courts are now empowered to allocate marital assets between the spouses, regardless of ownership." See Gemignani v. Gemignani, 146 N.J. Super. 278, 282 (App. Div. 1977).
*247 Although the trial judge felt compelled to award the wife one-half of the equity in the house, he adjusted her award of the cash savings to reflect his initial determination of what constituted an equitable division of all the property. It is clear that the final distribution is approximately equal in value to the judge's initial determination although he used different calculations to reach the same result. The final determination is amply supported by the evidence in the case and does not represent an abuse of discretion by the judge. We also find no abuse of discretion in the award of counsel fees.
Defendant's premise that the assets should be divided solely in proportion to the financial contribution of each party during the marriage is clearly incorrect. Chalmers v. Chalmers, 65 N.J. 186, 194 (1974), tells us that each party to a marriage presumably contributes to the enterprise that produces an accumulation of property. Rothman v. Rothman, 65 N.J. 219, 229 (1974), expresses the view that marriage is a shared undertaking to which both parties contribute a part of themselves, a portion of their lives. Although the acquisition of property may be traced more directly to one partner than another, the distribution should reflect non-pecuniary as well as pecuniary contributions to the marriage. In dividing property when the parties themselves have been unable to agree upon a division, Painter v. Painter, supra, has given us some guidelines, 65 N.J. at 211, 212, but each case must be judged on its unique facts.
Our role on review as we see it is to determine whether the result could reasonably have been reached by the trial judge on the evidence, or whether it is clearly unfair or unjustly distorted by a misconception of law or findings of fact that are contrary to the evidence. The task is a difficult one of balancing the need for a check on unbridled discretion in the trial court against affording a trial de novo in this court. An equitable distribution will be *248 affirmed even if this court would not have made the same division of assets as the trial judge.
Attorneys and litigants must understand our limited role on appeal. The equitable distribution law is relatively new and important interpretations may still be needed. But the result in this case, like many others, simply represents the best a fair-minded, conscientious judge can make of the law and the intangible equities on each side. How can one measure the benefits and losses of each party in a marriage that has consumed some seven years of cohabitation and two or three more of separation before divorce? A woman has worked during that time, as did her husband, inside and outside the home, but her salary has been less than his. A judge is then called upon to divide the material acquisitions that remain, but frequently there are neither assets nor wisdom sufficient to satisfy the expectations of each party.
More than a feeling of dissatisfaction is needed to fuel an appeal. It is a mistake for parties to seek satisfaction in this court simply because it has eluded them in the trial court. The advantage sought here is apt to be illusory. A sharp departure from reasonableness must be demonstrated before our intercession can be expected. Attorneys must exercise objectivity to calm the fighting blood of the parties and restrain their self-punishing, litigious impulses. The faint hope for victory on appeal should not be used as an excuse to continue the marital discord.
It is not surprising, therefore, that this litigation will end on the same disappointing note as the marriage. Neither party received what he or she hoped for. But the trial judge did the best he could on the evidence before him. We cannot say that he was wrong.
The judgment below is affirmed, without costs to either party on the appeal and cross-appeal.
NOTES
[1] Defendant was given the option to pay plaintiff $12,500 or to sell the house and share the net proceeds equally with plaintiff. This provision was not included in the final judgment. In fact, that judgment fails to provide that plaintiff's interest in the marital home shall cease upon payment to her of the sum ordered by the court. It should be amended to conform to the trial judge's intent.
[2] This percentage disregards the fact that the certificates of deposit were pledged as security for an $8,000 loan, the proceeds of which were received by defendant and were used, in part at least, to buy a Lincoln automobile, according to the trial judge's initial findings.