# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1506-23

S.M.,[1]

 Plaintiff-Appellant,

v.

R.R.C.,

 Defendant-Respondent.

_____

Submitted November 20, 2024 – Decided January 23, 2025

Before Judges Mayer and Puglisi.

On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Somerset County, Docket No. FM-18-0639-15.

S.M., appellant pro se.

O'Connor Family Law, LLC, attorneys for respondent (Sarah O'Connor, on the brief).

PER CURIAM

---

[1] Because we referred to the parties by their initials in a prior opinion, we continue to do so.

Plaintiff S.M. appeals from a December 20, 2023, post-judgment matrimonial order granting a motion to enforce litigant's rights filed by defendant R.R.C. We affirm.

We summarized the facts leading to the parties' divorce judgment in S.M. v. R.R.C., No. A-1020-21 (App. Div. June 22, 2023), certif. denied, 257 N.J. 515 (2024). In that case, we addressed plaintiff's prior failures to comply with the terms of a Marital Settlement Agreement (MSA) and previously entered court orders. We recite only the facts necessary to give context to our review of the December 20, 2023 order that is the subject of this appeal.

In 2015, the parties signed an MSA as part of their divorce action. The MSA required the parties list and sell four marital properties located in India (India Properties). Specifically, they agreed to sell an apartment in Bangalore and three plots of land in Chennai (Chennai Properties). Under the MSA, the parties agreed to split the sale proceeds evenly.[2]

Since the divorce, plaintiff has repeatedly failed to cooperate regarding the sale of the Chennai Properties. For example, plaintiff refused to sign a power of attorney (POA) authorizing a real estate agent in India to sell the Chennai Properties. Plaintiff also ignored several court orders requiring her to sign the

---

[2] The Banglore apartment sold in May 2020.

POA. Her refusal to comply with the court's orders resulted in the judge imposing sanctions and awarding attorney's fees. Facing potentially greater sanctions for continuing to defy the court's orders, plaintiff eventually signed the POA in 2021.

On October 3, 2023, the Family Part judge ordered plaintiff to pay defendant more than $27,000 in legal fees. The judge later concluded plaintiff also owed defendant more than $62,000 in child support arrears as of December 20, 2023.

In October 2023, defendant received an offer to purchase the Chennai Properties. It was the only offer received in the eight years the Chennai Properties were on the market. The prospective buyer offered to pay cash for the Chennai Properties in an amount above the market value and advised he would terminate the offer if the parties did not timely accept.

Plaintiff refused to cooperate when defendant's counsel sent her the offer to buy the Chennai Properties. Plaintiff explained she filed an action in India to partition the Chennai Properties (India Partition Action). In the India Partition Action, plaintiff sought to divide the three Chennai Properties in half, with each party receiving one-and-a-half lots.

A-1506-23

In November 2023, defendant moved to enforce litigant's rights requesting the court: (1) order plaintiff to comply with the sale of the Chennai Properties, or face sanctions; (2) compel plaintiff to withdraw her India Partition Action, or face sanctions; (3) apply plaintiff's proceeds from the sale of the Chennai Properties (Proceeds) to defendant's $27,000 attorney's fee award and plaintiff's $62,000 child support arrears; and (4) recover more than $2,400 in attorney's fees for the enforcement motion. Plaintiff submitted a certification in opposition to the motion.

After reviewing the parties' written submissions and hearing oral argument, the Family Part judge granted defendant's motion. She found plaintiff violated the MSA by refusing to comply with the sale of the Chennai Properties and filing the India Partition Action. The judge explained she would not modify the MSA regarding the sale of the Chennai Properties. As the judge wrote in her twelve-page written statement of reasons accompanying the December 20, 2023 order:

> It has been made abundantly clear to plaintiff that she is to comply with the MSA. The court also does not understand why plaintiff opposes the sale other than to be an obstructionist or intentionally trying to thwart defendant's ability to have a financial gain including getting paid the child support arrears and attorney fees he is owed.

A-1506-23

The judge further explained:

> [T]his is the first offer that the parties have had in [eight] years and plaintiff does not dispute that. The offer is higher than the government value as plaintiff alleges and there are no other offers. A theoretical value of a greater amount is just that, a theory. Defendant was willing to agree to another buyer if plaintiff had someone willing to offer a greater amount, but such an offer does not exist. Defendant deserve[s] the right to move on. The sale will also benefit plaintiff. Her arrears will be reduced and the attorney fees that she owes will be paid off as discussed below.

Addressing plaintiff's India Partition Action, the judge stated:

> [T]he court agrees . . . that plaintiff is forum shopping. She admits to [the] same during oral argument when she told the court that she filed in India after she exhausted her remedies in [New Jersey] and lost. Plaintiff filed in India because she did not get the result in [New Jersey] that she wanted and now is trying to get the result she wants in India. She stated this repeatedly during oral argument.

Thus, the judge ordered plaintiff to withdraw the India Partition Action or face sanctions. While acknowledging New Jersey courts do not have jurisdiction over properties located in India or litigation filed in India, the judge found she had "jurisdiction over the plaintiff who consented to the jurisdiction when she filed a complaint for divorce in [New Jersey] and signed a[n MSA] that involved these properties."

A-1506-23

On the prior orders awarding attorney's fees to defendant and establishing the child support arrears owed by plaintiff, the judge concluded:

> [D]efendant should be entitled to recoup monies he is owed from the sale in India. This also benefits the plaintiff because it will reduce the arrears and erase the judgment. Defendant is directed to first apply the money he receives to the attorney fees that he is due then towards the child support. Plaintiff's argument regarding the pending Supreme Court application is not persuasive because there is no stay of the child support order. Defendant is owed child support.

Additionally, the judge determined defendant was entitled to an award of attorney's fees for prosecuting his enforcement motion. The judge awarded defendant $2,487.50 in attorney's fees after a careful analysis of the factors under Rules 5:3-5(c) and 4:42-9(b).

On appeal, plaintiff contends the judge abused her discretion in granting defendant's motion to enforce litigant's rights. Plaintiff reiterates her disagreements regarding the POA and the offer price for the Chennai Properties. Other than repeating her dissatisfaction with the MSA and the judge's prior orders, plaintiff failed to raise any substantive legal arguments regarding her failure to comply with the MSA and prior court orders.

Our review of a Family Part order is limited. See Cesare v. Cesare, 154 N.J. 394, 411-12 (1998). A Family Part judge "possess[es] special expertise in

6

the field of domestic relations." Id. at 412. Additionally, a Family Part judge has jurisdiction over "[a]ll actions in which the principal claim is unique to and arises out of a family or family-type relationship." R. 5:1-2(a). "Because of the family courts' special jurisdiction and expertise in family matters, appellate courts should accord deference to family court factfinding." Cesare, 154 N.J. at 413.

Accordingly, a Family Part judge's factual findings are reviewed under an abuse of discretion standard. Gonzalez-Posse v. Ricciardulli, 410 N.J. Super. 340, 354 (App. Div. 2009). Abuse of discretion "arises when a decision is 'made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis.'" Flagg v. Essex Cnty. Prosecutor, 171 N.J. 561, 571 (2002) (quoting Achacoso-Sanchez v. Immigr. & Naturalization Serv., 779 F.2d 1260, 1265 (7th Cir. 1985)). However, we review a Family Part judge's interpretation of the law de novo. D.W. v. R.W., 212 N.J. 232, 245-46 (2012).

A Family Part judge "possesses broad equitable powers to accomplish substantial justice" and may tailor an appropriate remedy for violation of its orders. Finger v. Zenn, 335 N.J. Super. 438, 446 (App. Div. 2000). An order to enforce litigant's rights under Rule 1:10-3 is reviewed for abuse of discretion. Wear v. Selective Ins. Co., 455 N.J. Super. 440, 458-59 (App. Div. 2018) (citing

7

Barr v. Barr, 418 N.J. Super. 18, 46 (App. Div. 2011)). Likewise, an award of attorney's fees "will be disturbed only on the rarest of occasions, and then only because of a clear abuse of discretion." Packard-Bamberger & Co. v. Collier, 167 N.J. 427, 444 (2001) (quoting Rendine v. Pantzer, 141 N.J. 292, 317 (1995)).

We first address plaintiff's argument that the Family Part judge abused her discretion in granting defendant's motion to enforce litigant's rights. We disagree. "Rule 1:10–3 provides a 'means for securing relief and allow[s] for judicial discretion in fashioning relief to litigants when a party does not comply with a judgment or order.'" N. Jersey Media Grp. Inc. v. State, Off. of Governor, 451 N.J. Super. 282, 296 (App. Div. 2017) (quoting In re Adoption of N.J.A.C. 5:96 & 5:97, 221 N.J. 1, 17-18 (2015)). "Once the court determines the non-compliant party was able to comply with [an] order [or judgment] and unable to show the failure was excusable, it may impose appropriate sanctions." Milne v. Goldenberg, 428 N.J. Super. 184, 198 (App. Div. 2012). "[T]he court has discretion and flexibility in fashioning an appropriate remedy to compel compliance." Lipsky v. N.J. Ass'n of Health Plans, Inc., 474 N.J. Super. 447, 463 (App. Div. 2023) (citing In re Adoption of N.J.A.C. 5:96 & 5:97, 221 N.J. at 17-18). But "[t]he scope of relief in a motion in aid of litigants' rights is

limited to remediation of the violation of a court order." Abbott ex rel. Abbott v. Burke, 206 N.J. 332, 371 (2011).

Here, the judge found plaintiff violated defendant's rights because she breached the MSA by refusing to comply with the sale of the Chennai Properties and initiating litigation in India related to disposition of those properties.

"Settlement of disputes, including matrimonial disputes, is encouraged and highly valued in our system." Quinn v. Quinn, 225 N.J. 34, 44 (2016) (citing Konzelman v. Konzelman, 158 N.J. 185, 193 (1999)). "Indeed, there is a there is a "'strong public policy favoring stability of arrangements' in matrimonial matters.'" Ibid. (quoting Konzelman, 158 N.J. at 193). "[F]air and definitive arrangements arrived at by mutual consent should not be unnecessarily or lightly disturbed." Ibid. (quoting Konzelman, 158 N.J. at 193-94). Because "[m]arital agreements are essentially consensual and voluntary. . . , they are approached with a predisposition in favor of their validity and enforceability." Massar v. Massar, 279 N.J. Super. 89, 93 (App. Div. 1995) (citing Petersen v. Petersen, 85 N.J. 638, 642 (1981)). Courts "should not rewrite a contract or grant a better deal than that for which the parties expressly bargained." Quinn, 225 N.J. at 45 (citing Solondz v. Kornmehl, 317 N.J. Super. 16, 21-22 (App. Div. 1998)).

We discern no abuse of discretion in the judge enforcing the parties' MSA. Here, the parties voluntarily entered the MSA. Paragraph 18(a) of the MSA expressly provided: "The parties shall list and sell the [four] India[] properties consisting of [three] lots [in Chennai] and an apartment in Bangalore." Plaintiff offered no valid reason to depart from the unequivocal terms of the MSA regarding the sale of the Chennai Properties. Plaintiff's arguments regarding the sale of the Chennai Properties, as asserted in her opposition to defendant's motion to enforce litigant's rights and in the present appeal, were previously rejected by the Family Part judge. We affirmed the judge's prior orders in S.M., slip op. at 1, and the New Jersey Supreme Court denied her petition for certification.

Nor did the Family Part judge err in ordering plaintiff to "immediately withdraw any legal proceedings she filed in India," or face sanctions. We recognize New Jersey courts cannot direct a court in India to take a particular action. See Second Nat'l Bank of Phila. v. Thompson, 141 N.J. Eq. 188, 193 (Ch. 1947) ("[I]t is well recognized that courts of equity have no power to sit in judgment on the lawful acts of other tribunals and have no jurisdiction to try their acts to see whether they . . . have committed errors . . . ."). Nor can New Jersey courts assert jurisdiction over property in India. See Hanson v. Denckla,

10

357 U.S. 235, 246 (1958) ("The basis of [in rem] jurisdiction is the presence of the subject property within the territorial jurisdiction of the forum [s]tate.").

However, New Jersey courts can, under limited circumstances, order a litigant within their jurisdiction to withdraw a foreign court proceeding. "There can be no doubt of the power of a court of equity to impose restraints upon persons within the control of its process against action beyond the state." O'Loughlin v. O'Loughlin, 6 N.J. 170, 178 (1951). While a litigant may "[o]rdinarily . . . go abroad for such remedies and relief as may be available in the jurisdiction of [their] choice[,] . . . a court of equity has the undoubted power to enjoin those subject to its jurisdiction from seeking relief in a foreign proceeding which would not be compatible with equity and right conscience." Ibid. "Th[is] restraint is directed against the litigants, not the foreign jurisdiction." Ibid. (emphasis added).

Though the power to enjoin litigants from prosecuting foreign actions "is a delicate one[,] it will be conscientiously exercised whenever the true interests of justice so require." Trs. of Princeton Univ. v. Tr. Co. of N.J., 22 N.J. 587, 598 (1956). A court may issue such an injunction to (1) avoid "vexation and oppression," ibid.; (2) "preserve the court's prior jurisdiction over a particular controversy," ibid.; or (3) prevent a litigant from "evading some established

policy of the jurisdiction where the parties are domiciled." Bigelow v. Old Dominion Copper Mining & Smelting Co., 74 N.J. Eq. 457, 481 (Ch. 1908).

Here, the New Jersey court undeniably has jurisdiction over plaintiff. She is a New Jersey resident. See Daimler AG v. Bauman, 571 U.S. 117, 137 (2014) ("[T]he paradigm forum for the exercise of general jurisdiction is the individual's domicile . . . .") (quoting Goodyear Dunlap Tires Operations, S.A. v. Brown, 564 U.S. 915, 924 (2011)). Plaintiff filed for divorce in New Jersey. See Adam v. Saenger, 303 U.S. 59, 67 (1938) ("The plaintiff . . . , by [the] voluntary act [of] demanding justice from the defendant, submitted . . . to the jurisdiction of the court . . . ."). Plaintiff executed the MSA in New Jersey. See McGee v. Int'l Life Ins. Co., 355 U.S. 220, 223 (1957) (finding personal jurisdiction where "suit was based on a contract which had substantial connection with [the forum] [s]tate."). Additionally, plaintiff extensively litigated the MSA in the New Jersey court system for the past eight years. See Ins. Corp. of Ir. v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 704-05 (1982) ("The actions of the defendant may amount to a legal submission to the jurisdiction of the court, whether voluntary or not.").

Plaintiff's India Partition Action would force defendant to have a court in India enforce the MSA he signed in New Jersey, deprive New Jersey courts of

12

jurisdiction over a New Jersey divorce and MSA, and evade New Jersey's policy of enforcing MSAs. Thus, we are satisfied the judge did not abuse her discretion in ordering plaintiff to withdraw her India Partition Action.

We also reject plaintiff's argument the judge erred in directing plaintiff's share of the Proceeds be applied to pay the previously awarded attorney's fees to defendant and satisfy plaintiff's substantial child support arrears. "The Family Part is a court of equity." Randazzo v. Randazzo, 184 N.J. 101, 113 (2005). The Family Part "may exercise its discretion to order the sale of marital assets and the utilization of the proceeds in a manner as 'the case shall render fit, reasonable, and just.'" Ibid. The proceeds from the sale of marital property "may properly be used to pay marital obligations." Ibid.

We review such determinations for abuse of discretion. La Sala v. La Sala, 335 N.J. Super. 1, 6 (App. Div. 2000). "[W]e will affirm an equitable distribution as long as the trial court could reasonably have reached its result from the evidence presented, and the award is not distorted by legal or factual mistake." Ibid. (citing Perkins v. Perkins, 159 N.J. Super. 243, 247-48 (App. Div. 1978)). Similarly, an order enforcing litigant's rights is reviewed for abuse of discretion. Wear, 455 N.J. Super. at 458-59 (citing Barr, 418 N.J. Super. at 46).

Here, the judge ordered defendant to use plaintiff's portion of the Proceeds to: (1) enforce the October 3, 2023 order awarding $27,287.60 in attorney's fees to defendant; and (2) reduce plaintiff's child support arrears. We discern no abuse of discretion in the judge's order regarding the distribution of the Proceeds given plaintiff's failure to pay any previously ordered court awards.

Nor do we find any merit to plaintiff's arguments regarding the judge's award of $2,487.50 to defendant for attorney's fees incurred in litigating the motion to enforce litigant's rights and the order that those fees be paid from plaintiff's share of the Proceeds. Because plaintiff failed to brief any arguments related to the judge's award of attorney's fees for the enforcement motion, she waived any such challenge. "An issue not briefed on appeal is deemed waived." Sklodowsky v. Lushis, 417 N.J. Super. 648, 657 (App. Div. 2011).

To the extent we have not addressed any arguments raised by plaintiff, they lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

14

A-1506-23